# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>             Petitioner,<br><br>      v.<br><br>E. VALENZUELA,<br><br>             Respondent. | 1:13-cv-00445-BAM (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[ECF No. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on March 27, 2013.  Petitioner contends that his convictions of two counts of dissuading a witness (counts five and six) of the Information in the underlying criminal conviction violate the prohibition against double jeopardy.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless

it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## I.    Double Jeopardy Clause

In the petition, Petitioner contends his convictions and sentences, including restitution on counts five and six (dissuading a witness) violated the Double Jeopardy Clause of the Fifth Amendment, as held in case number 1:06-cv-00909-CRB (HC), Cochran v. Tilton. Petitioner is correct that this Court in case number 1:06-cv-00909-CRB (HC), held that Petitioner's conviction on both counts five and six was in violation of the Double Jeopardy Clause of the Fifth Amendment because there was not sufficient evidence to support the existence of two separate counts of dissuading a witness.[1] (ECF No. 57, Order at 9-10.) The petition was denied in all other respects which was upheld on appeal. (ECF Nos. 57, 68.) Pursuant to the Court's prior order, Petitioner was re-sentenced in state court. Petitioner cannot raise the same challenge again by way of a new petition for writ of habeas corpus as he has already received any available relief. A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). Accordingly, Petitioner cannot proceed on this claim.

## II.    Challenge to Fine and Restitution

In addition, Petitioner's challenge to the failure to return a certain portion of the fine and/or restitution pursuant to California Penal Code section 1262, is not cognizable by way of section 2254.[2] A challenge to the restitution fine does not affect the fact or duration of

---

[1] This case was referred to visiting United States District Court Judge, Charles R. Breyer.

[2] California Penal Code section 1262 states:

If a judgment against the defendant is reversed, such reversal shall be deemed an order for a new trial, unless the appellate court shall otherwise direct. If the appellate court directs a final disposition of the action in the defendant's favor, the court must, if he is in custody, direct him to be discharged therefrom; or if on bail that his bail may be exonerated; or if money or other property was deposited instead of bail, that it be refunded to the defendant or to the person or persons found by the court to have deposited said money or other property on behalf of said defendant. If a judgment against the defendant is reversed and the case is dismissed, or if the appellate court directs a final disposition of the action in defendant's favor, and defendant has theretofore paid a fine in the case, such act shall also be deemed an order of the court that the fine, including any penalty assessment thereon, be returned to defendant.

petitioner's custody. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (limiting § 2254 habeas to challenges to fact or duration of custody); United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (finding challenge to restitution fine not cognizable on habeas).  Furthermore, federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616 (9th Cir. 2002) (a claim challenging state court's discretionary decision concerning application of state sentencing law presented only state law issues and was not cognizable in a proceeding pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  The Court accepts a state court's interpretation of state law. Id.  Petitioner fails to raise a federal constitutional violation and his petition for writ of habeas corpus must be dismissed. Because Petitioner's sole challenge is to fine and restitution which is not cognizable by way of section 2254, further amendment would be futile. Jarvis v. Nelson, 440 F.2d at 14.

        III.        Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied.  The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such

person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

 (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief.  Accordingly, the Court declines to issue a certificate of appealability.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.  The instant petition for writ of habeas corpus is DISMISSED;

2.  The Clerk of Court is directed to terminate this action; and

3.  The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

 **Dated:   April 29, 2013**     /s/ **Barbara A. McAuliffe**
                UNITED STATES MAGISTRATE JUDGE